UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGOBERTO ENRIQUE ISAZA,, <br><br>          Plaintiff <br> vs. <br><br> CAESAR ALMASE, <br><br>          Defendant. | Case No. 2:16-cv-00085-RFB-NJK <br><br> **ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE NANCY J. KOPPE** |

### I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation (ECF No. 5) of the Honorable Judge Nancy J. Koppe, United States Magistrate Judge. The Report and Recommendation recommends dismissing Plaintiff Isaza's Complaint without prejudice. ECF No. 1. For the reasons stated below the Court adopts Judge Koppe's Report and Recommendation in full.

### II. BACKGROUND

Plaintiff Rigoberto Enrique Isaza filed an Application for Leave to Proceed in forma pauperis on February 10, 2016. ECF No. 3. Judge Koppe granted this application on February 16, 2016. ECF No. 4. That same day, she issued a Report and Recommendation recommending that the case be dismissed without prejudice. ECF No. 5. Plaintiff filed an objection to Judge Koppe's Report and Recommendation on February 25, 2016. ECF No. 6.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Local Rule IB 3-2(b). Plaintiff filed an objection to the Report and Recommendation on April 7, 2016. ECF No. 60. However, the Court has reviewed the record in this case and concurs with the Magistrate Judge's recommendation(s).

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

## IV. DISCUSSION

Upon review of the Report and Recommendation, the Court agrees with Judge Koppe's Report and Recommendation and adopts it in full. Plaintiff appears to bring claims arising out of state criminal proceedings. ECF No. 1. Plaintiff alleges ineffective assistance of counsel and violations of due process and equal protection relating to his criminal conviction. ECF No. 1. In his Objection to Judge Koppe's Report and Recommendation, Plaintiff submitted documentation indicating that he was convicted in the underlying state criminal case and began the process of challenging his conviction by filing a habeas petition on October 23, 2013, for which a hearing was scheduled in February 2016. See ECF No. 6 at 26.

The Supreme Court in Heck v. Humphrey has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. 477, 484 (1994). Because the claims Plaintiff attempts to bring here would necessarily imply the invalidity of the underlying conviction or sentence from which his claims arise, they are barred. See, e.g., Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (holding that ineffective assistance of counsel claims were barred). Plaintiff has not shown that there has been a subsequent decision invalidating his convictions. In fact, the documentation he has provided indicates that his state habeas petition is ongoing, as oral argument was scheduled in February 2016. ECF No. 6 at 26.

Finding that Plaintiff's claims as plead are barred by Heck, the Court adopts Judge Koppe's Report and Recommendation in full and dismisses Plaintiff's case for without prejudice to Plaintiff raising his arguments in the proper forum at the proper time.

3

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 5) is **ADOPTED in full**.

**DATED** July 13, 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE